IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CDIGITAL MARKETS, LLC,                  *

    Plaintiff,                          *

        v.                          *        Civil Action No.: RDB 06-2825

DAVID MAXHAM, d/b/a, AUTOTEC           *
DIGITAL, INC., *et al.*,
                       *

    Defendants.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

This patent infringement action arises out of an Amended Complaint filed by Plaintiff

CDigital Markets, LLC ("Plaintiff") against Defendants David Maxham, Autotec Digital, Inc., and

Digitran CD, Inc. (collectively, "Defendants"). The Amended Complaint alleges that, *inter alia*,

certain processes employed by Defendants infringe the claims of U.S. Patent No. 6,656,306 (the

"'306 Patent"). The '306 Patent claims an invention that "relates to pressure and/or heat applied

image transfers . . . [and] provides methods for preparing a pressure and/or heat applied image

transfer sheet. . . . The methods are applicable to a wide range of target surfaces, including

compact discs and leather items. Furthermore, the methods can be adapted for use in mass

production applications." '306 Patent, Col. 1, ll. 5-30.

Pending before this Court are two motions: Defendant David Maxham's ("Maxham")

Motion to Dismiss Plaintiff's claims against Maxham in his individual capacity, (Paper No. 9),

and Plaintiff's Motion to Dismiss Defendants' Seventh Amended Defense of unclean hands,

(Paper No. 13). Neither motion is case-dispositive. The parties' submissions have been reviewed

and no hearing is necessary.  *See* Local Rule 105.6 (D. Dd. 2004).  For reasons that follow, the

pending motions to dismiss are GRANTED.  In addition, the parties will be permitted  to amend

their pleadings in accordance with the forthcoming Scheduling Order.

## BACKGROUND AND PROCEDURAL HISTORY

For an unspecified time, Defendant David Maxham worked for Plaintiff.  (Am. Compl. ¶ 2

(describing Maxham as a "former CDigital employee").)  In May 2006, Plaintiff became aware

that Maxham was doing business under the name of "Autotec Digital, Inc."  (*Id.* at ¶ 13.)  Based in

part upon representations made on www.autotecdigital.com, Plaintiff concluded that Maxham was

employing a process that infringes the '306 Patent.

As noted above, the invention claimed by the '306 Patent "relates to pressure and/or heat

applied image transfers—this includes rub-down image transfers. . . ."  '306 Patent, Col. 1, ll. 5-6.

As Plaintiff explains:

> The '306 Patent discloses a unique method for printing of an "image
> transfer", which is a sheet of carrier substrate or "support" onto
> which an image is printed.  The support may then be placed on an
> object such as a CDROM, and a heat press used to transfer the
> image from the support to the object.  Specifically, Plaintiff's
> patented method comprises the steps of: applying an image layer to
> the release surface of a support; and applying a pressure and/or heat
> activated adhesive layer over and beyond the image area.  With the
> application of pressure and/or heat to a target surface, the adhesive
> layer adheres more strongly to the image layer than the image layer
> does to the release surface, and the dried adhesive layer attaches
> only in the image area to the target surface.  The support may be
> peeled off together with the adhesive layer except for the image
> area, which is left attached to the target surface.

(Am. Compl. ¶ 2.)

In June 2006, Plaintiff's attorney sent Maxham a letter requesting that he cease and desist

from infringing activity. (*Id*. at ¶ 14.) Maxham responded with a letter "explicitly ignoring said request, disputing the scope and validity of the '306 Patent and disputing Plaintiff's ownership of the '306 Patent." (*Id*.)

On October 26, 2006, Plaintiff filed a Complaint against Defendant David Maxham in his individual capacity. (*See* Compl. (naming "David Maxham, d/b/a Autotec Digital, Inc., Digitran, Inc., Digtran CD, Inc." as the only Defendant in this action).) On December 7, 2006, Maxham filed an Answer and Counterclaim, (Paper No. 8), and also filed the subject Motion to Dismiss Plaintiff's claims against him in his individual capacity, (Paper No. 9). On December 26, 2006, Plaintiff filed the subject Motion to Dismiss certain counterclaims and affirmative defenses, (Paper No. 13), and moved for leave to file an amended complaint, (Paper No. 15). On January 12, 2007, Maxham moved for leave to file an amended answer and counterclaim. (Paper No. 20.)

On January 17, 2007, this Court granted Plaintiff's Motion for Leave to file Amended Complaint and Plaintiff filed an Amended Complaint adding Autotec Digital, Inc. and Digitran CD, Inc. as Defendants in this action. (*See* Am. Compl.; *see also* Paper No. 15 p. 2 (explaining that adding these corporate entities is appropriate because "[w]hen Defendant/Counterclaimants answered the Complaint on 7 December 2006, he made it clear that Autotec Digital, Inc. and Digitran, Inc. were active Delaware corporations and had at that point been registered to conduct business in Maryland.").)

On February 5, 2007, this Court issued a Letter Order noting that:

> Three motions are currently pending in this matter: Motion to
> Dismiss filed by Defendant David Maxham (Paper No. 9); Motion
> to Dismiss filed by Plaintiff CDigital Markets, LLC (Paper No. 13);
> and Motion for Leave to File an Amended Answer and
> Counterclaim filed by Defendants David Maxham, Autotec Digital,

Inc., and Digitran CD, Inc. (Paper No. 20).

Letter Order, 2/5/07. After granting Defendants' Motion for Leave to File an Amended Answer

and Counterclaim, this Court requested that Plaintiff file a letter indicating whether its Motion to

Dismiss is rendered moot by the Amended Answer and Counterclaim. *Id.*

On February 9, 2007, Plaintiff submitted a letter to this Court indicating that:

> All but one of Plaintiff's contentions are indeed moot. However,
> Defendant Maxham *et al.* did not amend what is now their Seventh
> Affirmative Defense (p. 25) of unclean hands and so the lack of
> specificity issue in regard to this pleading remains and it should be
> stricken.

(Paper No. 29.) This Court notes that responsive pleadings have already been filed. (*See* Paper

No. 28 (Answer to Amended Complaint and Amended Counterclaim); Paper No. 30 (Reply to

Amended Counterclaim).) As a result, this Court will issue a Scheduling Order after resolving the

pending motions to dismiss.

## DISCUSSION

## I.    Maxham's Motion to Dismiss.

Maxham contends that "[h]e had no individual involvement with any of the allegations

that give rise to the Complaint" and therefore "cannot be held individually liable for his

companies' alleged infringement as a matter of law." (Maxham's Mot. Dismiss p. 1.) Plaintiff

responds that Maxham's "personal liability is premised on his personal commission of torts, both

individually and as an officer/director of his corporation(s)" and "inducing infringement where he

actively aids and abets the corporation's infringement. . . ." (Pl.'s Opp. pp. 12-13 (citation

omitted).) For reasons stated below, this Court will grant Defendant Maxham's Motion to

Dismiss and permit Plaintiff to amend its pleadings in accordance with the forthcoming

-4-

Scheduling Order for the sole purpose of attempting to articulate a claim against Maxham in his

individual capacity.

### A.     Legal Principles.

Maxham seeks to dismiss Plaintiff's causes of action against him—but not Plaintiff's

claims against Autotec Digital, Inc., and Digitran CD, Inc.—pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  The United States Court of Appeals for the Federal Circuit has

explained that "[i]n reviewing district court judgments in patent cases, we apply our own law with

respect to patent law issues, but with respect to nonpatent issues we generally apply the law of the

circuit in which the district court sits."  *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d

1356, 1359 (Fed. Cir. 1999) (en banc in relevant part).  Accordingly, any nonpatent issues raised

by the pending motion to dismiss are governed by standards established by the United States

Court of Appeals for the Fourth Circuit.

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to

"resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

*Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of

Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  The "Federal Rules of Civil Procedure do not

require a claimant to set out in detail the facts upon which he bases his claim."  *Conley v. Gibson*,

355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the

claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248

F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)

(stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

Therefore, a Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-

pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot

prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-*

*Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.,* 417

F.3d 418, 420 (4th Cir. 2005).

With respect to the matter of individual liability for the tort of patent infringement, the

Federal Circuit has emphasized that "[t]he policy considerations that underlie the corporate

structure yield to personal liability for corporate acts only in limited circumstances." *Hoover*

*Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1411 (Fed. Cir. 1996). Applying "general

principles relating to piercing the corporate veil," the Federal Circuit has imposed personal

liability on the officers of a corporation for patent infringement by that corporation.

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1579 (Fed. Cir. 1986). However,

"acts of a corporate officer that are within the scope of the officer's responsibility are not always

sufficient grounds for penetrating the corporate protection and imposing personal liability."

*Hoover Group,* 84 F.3d at 1411 (citing *Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d

544, 553 (Fed. Cir. 1990)). The Federal Circuit has noted the wide range of factual considerations

and legal theories that may give rise to personal liability in the context of patent infringement.

*Hoover Group,* 84 F.3d at 1411-12.[1]

---

[1]     For example, the Federal Circuit noted the following "legal premises" for the imposition of personal liability:

> (1) justification for piercing the corporate veil based on such criteria as absence of corporate assets or use of the corporate form for illegal purposes; (2) corporate commitment of a commercial tort (such as interference with contract or business advantage, or patent infringement) caused by the officer acting as agent of the corporation; (3) actions similar to (2) but exacerbated by culpable

**B.     Application.**

As a preliminary matter, the Amended Complaint fails to allege facts sufficient to impose personal liability on Maxham for infringement of the '306 Patent.[2]  The Amended Complaint does not invoke general principles relating to piercing the corporate veil.  There is no serious allegation that Maxham is abusing the corporate form, or that the corporate structures employed by Maxham are a sham.  Plaintiff advances no facts that would support an "alter ego" theory.  Finally, there are no allegations to support an inference that Maxham actively and knowingly assisted with the infringement of the '306 Patent.  As a result, the factual allegations set forth in the Amended Complaint are insufficient to support a claim for personal liability based on patent infringement.  This Court rejects, moreover, Plaintiff's argument that because "Maxham is the sole shareholder, director, and president of [his] corporations, then *ipso facto* any infringement committed by the corporations was personally committed by, or at least induced by, Defendant Maxham."  (Pl.'s Opp. p. 15.)  This argument is simply not supported by the law.  *See, e.g.*, *Hoover Group*, 84 F.3d at 1412 ("[U]nless the corporate structure is a sham, as is not here asserted, personal liability for inducement to infringe is *not automatic* but must be supported by personal culpability.") (emphasis added).

---

intent or bad faith on the part of the officer; or (4) personal
commitment of a fraudulent or grossly negligent act.

*Hoover Group*, 84 F.3d at 1411.

[2]     This Court acknowledges that Plaintiff amended its complaint *after* filing papers opposing Maxham's Motion to Dismiss.  This explains why Plaintiff's opposition papers refer to allegations made in the Complaint, rather than the Amended Complaint.  For purposes of resolving the present dispute, however, there is no difference between the Complaint and the Amended Complaint.

Plaintiff also responds to Maxham's Motion to Dismiss by inviting this Court to consider factual allegations *not* contained within the four corners of the Amended Complaint:

> If the Court is unwilling to consider personal liability on the facts that were alleged in the Complaint, they are *invited to consider certain facts that do not appear in the Complaint* (Exhibit A: Declaration of Douglas Trotter).

(Pl.'s Opp. p. 5 (emphasis added).)  Alternatively, Plaintiff requests that "Defendant Maxham's Motion to Dismiss should be stayed until after discovery so that Plaintiff can ascertain the extent of Maxham's individual knowledge and hence whether Defendant Maxham's personal conduct was sufficiently tortious and willful to impose personal liability." (*Id.*)

Plaintiff's response is problematic.  First, Plaintiff relies on factual allegations outside the four corners of the Complaint while, at the same time, acknowledging that "[c]ourts are only to consider the allegations contained within the four corners of the Complaint when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss." (Pl.'s Opp. p. 10 (citing *United States v. Gaubert*, 499 U.S. 315, 327 (1991)).)  This Court declines to consider the factual allegations set forth in the Trotter Affidavit, which would require converting Maxham's Motion to Dismiss to one for summary judgment.[3]  Second, Plaintiff contends that discovery is needed to properly assess the scope of Maxham's knowledge and personal conduct. (*See* Pl.'s Opp. p. 5.)  This argument

---

[3]   Fed. R. Civ. P. 12(b)(6) provides in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

assumes that Plaintiff has alleged a sufficient claim against Maxham in his individual capacity or

that this Court will consider the Trotter Affidavit.  However, for reasons explained above,

Plaintiff has failed to allege such a claim and this Court is not inclined to convert Maxham's

motion at this early stage in the litigation.  Accordingly, Defendant Maxham's Motion to Dismiss

is GRANTED with respect to Plaintiff's claims against Maxham in his individual capacity.

However, this Court will permit Plaintiff to amend the Amended Complaint in accordance with

the forthcoming Scheduling Order for the sole purpose of attempting to overcome the

shortcomings identified above. Should Plaintiff decide to amend the Amended Complaint,

Plaintiff should allege the relevant facts with sufficient particularity.

## II.      Plaintiff's Motion to Dismiss.

Plaintiff contends that Defendants' Seventh Affirmative Defense of unclean hands should

be dismissed for failure to plead fraud with specificity.  (*See* Pl.'s Mem. Supp. Mot. Dismiss pp.

6-8.)  In response, Defendants maintain that Plaintiff's argument relies on "mischaracteriz[ing]

Autotec's affirmative defense of unclean hands as, alternately, the affirmative defense of the

doctrine of fraud and the affirmative defense of inequitable conduct." (Def.'s Opp. p. 2.)  For

reasons stated below, this Court will grant Plaintiff's Motion to Dismiss the Seventh Affirmative

Defense of unclean hands and permit Defendants to amend their pleadings in accordance with the

forthcoming Scheduling Order for the sole purpose of articulating a basis for their unclean hands

defense.

### A.      Legal Principles.

Plaintiff seeks to dismiss Defendants' affirmative defense of unclean hands pursuant to

Rules 9(b) and 12(f) of the Federal Rules of Civil Procedure.  As noted above, the Federal Circuit

has explained that "[i]n reviewing district court judgments in patent cases, we apply our own law with respect to patent law issues, but with respect to nonpatent issues we generally apply the law of the circuit in which the district court sits." *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (en banc in relevant part).  Accordingly, any nonpatent issues raised by the pending motion to dismiss are governed by standards established by the Fourth Circuit.

Rule 9(b) of the Federal Rules of Civil Procedure provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).  The Fourth Circuit has held that Rule 9(b) requires a complaint of fraud to include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).  Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  The Fourth Circuit has noted that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990)).

-10-

**B.**     **Application.**

As an initial matter, Defendants correctly point out that Plaintiff "has confused the affirmative defense of unclean hands with the affirmative defenses of fraud and inequitable conduct." (Def.'s Opp. p. 4.)  In general, the defense of unclean hands concerns litigation misconduct while inequitable conduct concerns misconduct in proceedings before the U.S. Patent and Trademark Office.  In contrast, the defense of fraud concerns other types of misconduct.  *See generally Ulead Systems, Inc. v. Lex Computer & Management Corp.*, 351 F.3d 1139, 1151 (Fed. Cir. 2003) ("It is hornbook law that unclean hands and fraud are different wrongs, subject to different criteria."); *Aptix Corp. v. Quickturn Design Systems, Inc.*, 269 F.3d 1369, 1375-76 (Fed. Cir. 2001) ("While inequitable conduct before the PTO renders the patent unenforceable by any party, the unclean hands doctrine . . . generally does not prejudice the offending party in subsequent cases, but only provides a bar to relief in the case at hand.") (citations omitted).

Relying on these and other decisions, Defendants' opposition papers provide that the affirmative defense of unclean hands asserted in this action is limited to Plaintiff's alleged "bad faith motivations for bringing this lawsuit." (Def.'s Opp. p. 5.)  Defendants emphasize that:

> Here, Autotec describes in paragraph 38 of the Counterclaim the basis for the affirmative defense of unclean hands—that CDigital has brought this lawsuit in bad faith because it knew or should have known that Autotec's activities do not infringe the '306 Patent.  As such, the affirmative defense of unclean hands should stand.

(*Id.* (citation omitted); *see also* Counterclaim ¶ 38 ("CDigital filed this case subjectively in bad faith because, *inter alia*, it knew or should have known that Defendant's activities do not infringe the '306 Patent.").  In its Amended Counterclaim, however, Defendants decided to strike what was paragraph 38 of the Counterclaim.  (*See* Paper No. 26 Att. 1 (redlined version of Amended

Counterclaim).)  Although this may have been an inadvertent error, the result is that the Amended

Counterclaim lacks the very language that Defendants represent constitutes "the basis for the

affirmative defense of unclean hands."  (Def.'s Opp. p. 5.)  Accordingly, Plaintiff's Motion to

Dismiss Defendants' Seventh Amended Defense of unclean hands is GRANTED.  However, this

Court will permit Defendants to amend the Amended Counterclaim in accordance with the

forthcoming Scheduling Order for the sole purpose of articulating the basis of their unclean hands

defense.  Should Defendants decide to amend their Amended Counterclaim, Defendants should

allege the relevant facts with sufficient particularity.  *Cf. Zic v. Italian Gov't Travel Office*, 130 F.

Supp. 2d 991, 999 n.8 (N.D. Ill. 2001) (unclean hands is an equitable affirmative defense that

need not be plead with particularity unless fraud is alleged invoking Rule 9(b)).

## CONCLUSION

For the reasons stated above, Defendant Maxham's Motion to Dismiss Plaintiff's claims

against Maxham in his individual capacity (Paper No. 9) is GRANTED and Plaintiff's Motion to

Dismiss Defendants' Seventh Affirmative Defense of unclean hands (Paper No. 13) is

GRANTED.  A separate Order follows.

Dated: April 5, 2007

/s/ *RCh D. Bennett*

Richard D. Bennett
United States District Judge

-12-